UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

FEDERAL DEPOSIT INSURANCE CORPORATION
AS CONSERVATOR FOR INDYMAC FEDERAL
BANK, F.S.B.,                                                                  **Hon. Hugh B. Scott**

                            Plaintiff,
                                                   08CV476A

                                v.                                                                          **Order**

BARTH SULLIVAN BEHR, LLP, et al.,

                            Defendants.

_____

Before this Court is defendants' motion (Docket No. 51[1]) for modification of the Report & Recommendation (Docket No. 39) on three aspects. Familiarity with that Report is presumed. Response to this motion was due September 2, 2009, with any reply due by September 11, 2009 (Docket No. 52).

Also pending is defendants' objections to the Report & Recommendation (Docket No. 41), as well as plaintiff's motion to substitute the Federal Deposit Insurance Corporation in its capacity as receiver (rather than in its capacity as conservator) of IndyMac Federal Bank, FSB, as plaintiff in this action (Docket No. 55).

At a status conference before Chief Judge Arcara, defendants raised the modification objections. Defendants then were given leave to file this motion to seek changes in the Report's language. If this motion is denied, Chief Judge Arcara would then consider defendants'

---

[1] In support of this motion, defendants submit their attorneys' declaration with exhibit, Docket No. 51. In response, plaintiff submits its response Docket No. 56.

objections.  (Text minute entry, July 20, 2009; Docket No. 51, Defs. Atty. Decl. ¶ 4, Ex. A.)
Defendants state that they are not challenging the recommended result, that the prima facie tort
counterclaim in the Amended Answer be dismissed, but that three factual assertions be modified
(Docket No. 51, Defs. Atty. Decl. ¶¶ 5-6).

The issues in this motion arise from the description of the action stated in the Report (cf.
Docket No. 39, Report & Rec. at 2 & n.4).  There, the Report noted this diversity action "alleging
fraud" (id. at 2).  One of the modifications seeks to identify all of the theories alleged in the
Complaint, to not overemphasize the fraud claims (Docket No. 51, Defs. Atty. Decl. ¶ 11).
Another requested modification defendants seek is deleting references to a "common e-mail
scam" noted in the Report at page 2 (id. ¶¶ 7-10).  Defendants argue, correctly, that they were
approached by a faxed letter and that reference to an e-mail scheme is unwarranted (id. ¶¶ 8, 9).
The third modification seeks to delete footnote 4 which stated that "plaintiff alleges that Behr
later noted that this offer 'sounded too good to be true,'" (Docket No. 39, Report & Rec. at 2 n.4,
quoting Docket No. 1, Compl. ¶ 31).

Plaintiff opposes the modifications (incorporating earlier arguments it made in response
to defendants' objections to the Report, Docket No. 56, Pl. Response at 1-2; see Docket No. 50,
Pl. Response at 2-5, upholding correctness of Report's findings), and conclude that this Court
may reject the modification request in its entirety (Docket No. 56, Pl. Response at 2).

Upon further reflection, defendants' motion for modification of the Report is **granted**.
This Court will reissue the Report without the objectionable text.  In particular, for the first
objection, reference to the means of communication between defendant firm and defendant Xu
Yu will be amended.  For the second stated objection, not identifying initially all of the claims

asserted in the Complaint, the first background sentence will mention the claims asserted by plaintiff. Footnote 4 references how Behr is alleged to have characterized the offer (as alleged in the Complaint, see Docket No. 1, Compl. ¶ 31) will be omitted.

Thus, page 2 and the first paragraph of the Background section of the Report will read as follows (with included text indicated in **bold**):

This diversity action **(alleging breach of UCC presentment, warranties, fraud, aiding and abetting fraud, unjust enrichment, legal malpractice, and conversion) arises from faxed correspondence to a Buffalo law firm seeking its services to collect a purported debt**. On December 4, 2007, defendant Xu Yu, on behalf of defendant Taiwan Industries, sent **a faxed letter** that solicited defendant Laurence Behr and his firm Barth Sullivan Behr, LLP, to collect a debt from defendant Anita Perry allegedly owed to Taiwan Industries, with Behr and his firm retaining a percentage of the amount collected as its legal fees (Docket No. 1, Compl. ¶ 18). Yu claimed that Taiwan Industries was owed by Anita Perry, Apparels Distributors" $277,750 plus late charges (id. ¶¶ 18, 22). After some investigation, Behr and the firm agreed to represent this client (id. ¶¶ 19-26).

\* \* \* \*

With these adopted modifications, defendants' stated objections appear to be moot. Thus, defendants' motion for modification of the Report & Recommendation (Docket No. 51) is **granted** and an amended Report & Recommendation will be issued consistent with this Order.

Nevertheless, if any party still objects to the amended Report, the timing for submitting such objections shall be set forth in that Report.

SO ORDERED.

/s/ Hugh B. Scott
Hon. Hugh B. Scott
United States Magistrate Judge

Buffalo, New York
September 17, 2009